UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KESHUNA ABCUMBY,

Plaintiff, Case No.

vs. Hon.

MICHIGAN DEPARTMENT OF CORRECTIONS;
HEIDI E. WASHINGTON, Director, Michigan Department of Corrections;
SHAWN BREWER, Warden, Huron Valley Correctional Facility;
OFFICER FRYE;

Jointly and severally, Defendants.

______________________________________________/

Law Offices Jeffrey S. Burg, Esq.
Jeffrey S. Burg (P38381)
Attorney for Plaintiff
16291 W. 14 Mile Road, Ste. 24
Beverly Hills, MI 48025
Telephone: (248) 227-5027
Fax: 248-856-1258
Jburg@comcast.net

---

A complaint based on events of an analogous or similar nature was filed by Plaintiff in 2013 in E.D Mich. under Case No. 13-cv-14567 and was presided over by Judge Paul D. Borman.

## COMPLAINT AND DEMAND FOR JURY

## INTRODUCTION

1. This lawsuit seeks injunctive and declaratory relief and damages on behalf of Plaintiff, who is confined in the all-women Huron Valley Correctional Facility ("Huron Valley") operated by the Michigan Department of Corrections ("MDOC").
2. During her imprisonment, Plaintiff was subjected to an illegal search and deprivation of her privacy rights under the Constitution.

## JURISDICTION AND VENUE

3. This is a civil action brought pursuant to 42 U.S.C. §1983 seeking injunctive and declaratory relief together with monetary damages against Defendants for violations of Plaintiff's rights under the First, Fourth, Eighth and Fourteenth Amendments of the United States Constitution.
4. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, which authorizes Federal courts to decide cases concerning federal questions, and 28 U.S.C. § 1343(a)(3) and (4) which authorizes Federal courts to hear civil rights cases. This Court has personal jurisdiction over the Defendants named herein as public officials of the State of Michigan sued in their official and individual capacities for violations of Plaintiff's statutory and constitutional rights. The amount in controversy exceeds Seventy-Five Thousand ($75,000.00) Dollars.

5. Venue is proper in this court as Defendants conduct their business in the County of Washtenaw in the Eastern District of Michigan and Plaintiff was and is incarcerated in the Eastern District of Michigan during the relevant time periods.

## PARTIES

6. Plaintiff is a citizen of the United States and at all relevant times was imprisoned in Huron Valley under the jurisdiction of the MDOC.
7. Defendant MDOC is a Department of the State of Michigan responsible for the care and custody of prisoners incarcerated in the State of Michigan. Defendant MDOC has the responsibility, authority and ability to remedy current and future conditions at Huron Valley that have given rise to the deprivation of rights as set forth in this Complaint.
8. Defendant Heidi Washington was the Director of the Michigan Department of Corrections. Her duties and responsibilities included a responsibility for developing and implementing policies and procedures for the operation and management of the Michigan Department of Civil Rights and its employees. Washington was responsible for the care, custody and protection of prisoners under the jurisdiction of the Michigan Department of Corrections.

9. Defendant Shawn Brewer was the Warden of Huron Valley. His responsibilities and duties included the training, assignment, supervision, discipline and investigation of correctional officers and MDOC employees at Huron Valley. He was responsible for the unlawful treatment to which the Plaintiff was subjected.

10. Defendant Brewer was also responsible for the custody, safety, protection, fair treatment and rehabilitation of the prisoners in Huron Valley and for ensuring that Huron Valley was operated according to proper correctional standards, statutes and/or laws to ensure the safety and protection of vulnerable populations, including Plaintiff.

11. Defendant Brewer was also responsible for developing procedures and implementing policies to prevent the sexual abuse and degrading treatment of Huron Valley's female prisoners and for ensuring an adequate and effective mechanism for ensuring the privacy of persons in the position of the Plaintiff.

12. Defendant Officer Frye was in charge of prisoners and had a duty not to violate various constitutional rights of prisoners, including Plaintiff, and violated Plaintiff's rights during a strip search which is the subject of the within action.

## STATEMENT OF GENERAL FACTS

13. Plaintiff repeats and realleges the preceding paragraphs as though fully stated herein.

14. Plaintiff is female.

15. Plaintiff is Muslim by religion.

16. Defendant's Policy Directive 04.04.110, subsection X, states, in pertinent part:

> A strip search shall be conducted in a place which prevents the search from being observed by those not assisting in that search, unless an emergency requires that it be conducted immediately and there is no opportunity to move to a sheltered area. …

17. On July 19, 2018, Officer Frye conducted a strip search on Plaintiff. Plaintiff was taken to a shower area in Unit (1)(b) and told to strip naked.

18. At the onset of the strip search Plaintiff told Officer Frye that the door to the shower area was open and that Plaintiff objected to being exposed to others who might pass by while Plaintiff was unclothed. Officer Frye refused to shut the door to the shower and told Plaintiff she was conducting a proper strip search.

19. Plaintiff could see that Officer Cavitt and another prisoner did in fact pass by and did look into the shower area and view Plaintiff unclothed.

20. Officer Cavitt was not assisting Officer Frye with the strip search.

21. Plaintiff could see that several other prisoners were subjected to the same strip search procedure, with the door open and with non-necessary officers and other prisoners passing by and looking in, on the same day, July 19, 2018.

22. At the time this exposure of Plaintiff's nude body occurred, several other prison officials were walking in the vicinity of the shower area where Plaintiff was being strip searched, and could see that the door was open. These officials included Deputy Warden Smith, Inspector Assistant Deputy Warden Howard, Officer Rum, Officer Love and P.C. Arapi.

23. Plaintiff was humiliated by being exposed in the nude to the other prisoner and the other officer, and by the open door exposing her to potentially many other persons in the vicinity.

24. A central tenet of Plaintiff's religion, Islam, prohibits Plaintiff from allowing her body to be exposed in certain ways to either males or females, including in the manner in which she was made to expose herself on the date of the incident herein to Defendants and others.

25. In contravention of MDOC's policies and/or standard correctional practices, Defendants have conducted and continue to conduct sexually humiliating, degrading, non-private searches of female prisoners.

26. As a result of Defendants' acts and omission in failing to safeguard Plaintiff and all female prisoners, Plaintiff has experienced sexual harassment, sexual humiliation, embarrassment, psychological trauma, and fear.

27. As a direct result of the unlawful searches, Plaintiff suffered anxiety attacks, flashbacks of sexual abuse, nightmare, night sweats, nausea, vomiting, abnormal menstrual cycles, headaches, high blood pressure, and psychological and mental distress.

28. Plaintiff filed a Step I grievance regarding this incident on July 24, 2018. This grievance was denied.

29. Plaintiff timely filed a Step II grievance appeal. This appeal was denied.

30. Plaintiff timely filed a Step III grievance appeal. This appeal was denied.

31. Plaintiff exhausted her administrative remedies and now brings this action for relief.

## CLAIMS FOR RELIEF

### COUNT I
### §1983 – 8th Amendment

32. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

33. Defendants knew or should have known that Plaintiff was and is at substantial risk of sexual and physical abuse, privacy violations, and degrading and sexually humiliating treatment in Huron Valley, and failed to protect her.

34. Defendants' implementation of non-private searches violates the prohibition against cruel and unusual punishment as guaranteed by the Eighth Amendment of the United States Constitution.

35. Defendants' actions also deprived Plaintiff of the equal protection of laws under the Fourteenth Amendment of the United States Constitution.

36. The deprivation of Constitutional rights alleged in this Complaint are the direct result of official policy, custom and practices of Defendants and each of them.

37. Defendants failed to adequately train, supervise and/or institute and implement adequate policies and procedures to conduct searches constitutes deliberate indifference to Plaintiff's health, safety, privacy and bodily integrity in violation of her rights under the Eighth Amendment.

38. Defendants are individually liable for the unconstitutional conditions at Huron Valley because they and/or their agents (1) participated in creating and carrying out the unconstitutional policies that caused the harm to Plaintiff; (2) failed to take necessary steps to ensure the safety and wellbeing of Plaintiff; and (3) implicitly authorized, approved or knowing acquiesced in the unconstitutional conduct of offending MDOC staff.

39. Defendants also had sufficient knowledge, including through statutes and regulations and MDOC's internal policies and correctional knowledge, to

know that Plaintiff was and is at substantial risk by the implementation of the non-private search procedure, and failed to adequately protect her.

40. Defendants' practice and policy of forcing female prisoners at Huron Valley to submit to non-private searches constitutes cruel and unusual punishment.

41. Defendants' practice and policy of forcing female prisoners at Huron Valley to submit to non-private searches constitutes deliberate indifference to and the unnecessary and wanton infliction of pain and suffering, degradation and psychological injury to Plaintiff, without penological justification.

## COUNT II

### § 1983- 4th and 14th Amendment Due Process And Privacy Violations

42. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

43. Defendants, by their unconstitutional policies, have violated and continue to violate Plaintiff's rights under the 4th and 14th Amendments by forcing female prisoners to submit to non-private searches in the manner previously described.

44. The deprivation of Constitutional rights alleged in this Complaint is the direct result of official policy, custom and practices of Defendants and each of them.

45. Defendants failed to adequately train, supervise and/or institute and implement adequate policies and procedures to conduct searches constitutes

deliberate indifference to Plaintiffs' health, safety, privacy and bodily integrity and violates Plaintiffs' rights to equal protection under the law under the 14th Amendment of the United States Constitution and 42. U.S.C. § 1983.

46. Defendants are individually liable for the unconstitutional conditions at Huron Valley because they and/or their agents (1) participated in creating and carrying out the unconstitutional policies that caused the harm to Plaintiff; (2) failed to take necessary steps to ensure the safety and wellbeing of Plaintiff; and (3) implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of offending MDOC staff.

47. Defendants also had sufficient knowledge, including through statutes and regulations and MDOC's internal policies and correctional knowledge, to know that Plaintiffs were and are at substantial risk by the implementation of the non-private search procedure, and failed to adequately protect them.

48. Defendants' practice and policy of forcing female prisoners at Huron Valley to submit to non-private searches has deprived and continues to deprive Plaintiff of her constitutional right to bodily integrity and right to privacy without due process of law in violation of the 4th and 14th Amendments to the United States Constitution and 42 U.S.C. § 1983.

49. Defendants' practice and policy of forcing female prisoners at Huron Valley to submit to non-private searches constitutes deliberate indifference to and the

unnecessary and wanton infliction of pain and suffering, degradation and psychological injury to Plaintiff, without penological justification.

**COUNT III**

**§ 1983- Violation of 1st Amendment Free Exercise of Religion**

50. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

51. Defendants, by their unconstitutional policies, have violated and continue to violate Plaintiff's rights under the 1st Amendment clause for the free exercise of religion, by forcing Muslim prisoners to submit to non-private searches in the manner previously described.

52. The deprivation of Constitutional rights alleged in this Complaint is the direct result of official policy, custom and practices of Defendants and each of them.

53. Defendants failed to adequately train, supervise and/or institute and implement adequate policies and procedures to conduct searches constitutes deliberate indifference to Plaintiffs' health, safety, privacy and bodily integrity and violates Plaintiffs' rights to the free exercise of her religion under the law of the 1st Amendment of the United States Constitution and 42 U.S.C. § 1983.

54. Defendants are individually liable for the unconstitutional conditions at Huron Valley because they and/or their agents (1) participated in creating and carrying out the unconstitutional policies that caused the harm to Plaintiff; (2) failed to take necessary steps to ensure the safety and wellbeing of Plaintiff; and (3) implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of offending MDOC staff.

55. Defendants also had sufficient knowledge, including through statutes and regulations and MDOC's internal policies and correctional knowledge, to know that Plaintiff was and is at substantial risk by the implementation of the non-private search procedure, and failed to adequately protect them.

56. Defendants' practice and policy of forcing Muslim prisoners at Huron Valley to submit to non-private searches has deprived and continues to deprive Plaintiff of her constitutional right to exercise the religion of her choice, Islam, without due process of law in violation of the 1st Amendment to the United States Constitution and 42 U.S.C. § 1983.

57. Defendants' practice and policy of forcing Muslim prisoners at Huron Valley to submit to non-private searches constitutes deliberate indifference to and the unnecessary and wanton infliction of pain and suffering, degradation and psychological injury to Plaintiff, without penological justification.

## DAMAGES

58. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

59. The acts, omissions and policies of Defendants constituting violations of Plaintiff's constitutional, statutory and common law rights were and are a proximate cause of Plaintiff's damages.

60. As a result of Defendants' acts, omissions and policies, the Plaintiff has suffered severe emotional and psychological injuries, and physical injuries and damages.

61. The physical and emotional injuries inflicted upon Plaintiff were willful, wanton, cruel and the result of intentional or deliberately indifferent conduct entitling Plaintiff to punitive damages.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Assert jurisdiction over this action;

b. Issue a Permanent Injunction prohibiting Defendants from subjecting Plaintiff to policies and procedures that violate her constitutional, statutory rights, and common law rights;

c. Order appropriate relief to remediate prison conditions such that the non-private searches described above are stopped;

d. Declare unconstitutional the non-private searches described above;

e. Provide adequate medical and mental health treatment to remediate the ongoing harm to the Plaintiff;

f. Award damages to Plaintiff for harm caused by Defendants' unconstitutional policies, unconstitutional acts and violations of law, including punitive damages where appropriate;

g. Award reasonable costs and expenses incurred in the prosecution of this action, including reasonable attorneys' fees and costs; and

h. Grant such other and further declaratory and equitable relief as the Court deems appropriate, just and proper to protect Plaintiffs from further harm.

Respectfully submitted,

**LAW OFFICES OF JEFFREY S. BURG**

/s/ *Jeffrey S. Burg*___________

Jeffrey S. Burg P38381
16291 W. 14 Mile Road, Ste. 24
Beverly Hills, MI 48025
248-227-5027
jburg@comcast.net

Dated: May 28, 2021

## DEMAND FOR JURY TRIAL

Plaintiff, by and through her counsel, hereby demands a trial by jury.

**LAW OFFICES OF JEFFREY S. BURG**

/s/ *Jeffrey S. Burg*___________
Jeffrey S. Burg P38381
16291 W. 14 Mile Road, Ste. 24
Beverly Hills, MI 48025
248-227-5027
jburg@comcast.net

Dated: May 28, 2021