**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Keshuna Abcumby,

Plaintiff,

v.

Michigan Department of Corrections, et al.,

Defendants.

Case No. 21-11281
District Judge Sean F. Cox
Magistrate Judge Jonathan J.C. Grey

______________________________/

**REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT (ECF No. 15)**

Keshuna Abcumby brings this complaint under 42 U.S.C. § 1983 against the Michigan Department of Corrections ("MDOC"), MDOC Director Heidi Washington, Warden Shawn Brewer, and Officer Frye (collectively "defendants"). (ECF No. 1.) Abcumby is incarcerated at the Women's Huron Valley Correctional Facility ("WHV") in Ypsilanti, Michigan. (*Id.*) She alleges defendants violated her (I) Eighth Amendment right to be free from cruel and unusual punishment; (II) Fourth and Fourteenth Amendment right to bodily integrity and right to privacy; and (III) First Amendment right to free exercise of religion. (*Id.*)

Defendants filed a 12(b)(6) motion to dismiss Abcumby's Eighth Amendment claims and all claims against the MDOC, Washington, and Brewer.

(ECF No. 15.) In the same filing, Washington and Brewer filed a motion for summary judgment on the grounds of exhaustion (*Id.*); the motions are fully briefed.

The Court **RECOMMENDS** that defendants' motion to dismiss be **GRANTED IN PART** and **DENIED IN PART** and defendants' summary judgment motion be **DENIED AS MOOT**. Specifically, the Court **RECOMMENDS** dismissing MDOC, Washington, and Brewer as defendants.

## I. Abcumby's Complaint

On July 19, 2018, Officer Frye – a female officer – conducted a strip search of Abcumby in a shower area in Unit (1)(b) of WHV. (ECF No. 1, PageID.5.) Abcumby told Officer Frye that the door to the shower area was open and that she objected to being exposed to others who might pass by the area while she was unclothed. (*Id*.) Officer Frye refused to shut the door and conducted the strip search. Abcumby claims that another MDOC officer and prisoner passed by the shower area and saw Abcumby unclothed. (*Id*.) Abcumby further alleges that other prisoners were subjected to the same strip search procedure on the same day. (*Id.*, PageID.6.)

According to Abcumby, the strip search violated MDOC Policy Directive 04.04.110(AA):

A strip search shall be conducted in a place which prevents the search from being observed by those not assisting in that search, unless an emergency requires that it

be conducted immediately and there is no opportunity to move to a sheltered area . . . .

As a result of the nonprivate strip search, Abcumby claims that she suffered a host of physical and emotional injuries, including: sexual harassment, sexual humiliation, embarrassment, psychological trauma, fear, anxiety attacks, flashbacks of sexual abuse, nightmares, night sweats, nausea, vomiting, abnormal menstrual cycles, headaches, and high blood pressure. (ECF No. 1, PageID.7.)

Abcumby's complaint provides that her religion, Islam, prohibits her from allowing her body to be exposed how it was during the search. (*Id.*, PageID.6.) Abcumby contends that defendants' implementation of non-private searches violated the prohibition against cruel and unusual punishment, deprived her of her right to bodily integrity, right to privacy, and to exercise the religion of her choice.

## II. Legal Standard

### A. Motion to Dismiss under Rule 12(b)(6)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp*., 78 F.3d 1125, 1134 (6th Cir. 1996). A court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). A complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556).

**B. Summary Judgment**

Under Rule 56(a), courts must grant motions for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Hedrick v. Western Reserve Care Sys.*, 355 F.3d 444, 451 (6th Cir. 2004) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Moreover, a fact is material "only if its resolution will affect the outcome of the lawsuit." *Id.* at 451–52 (citing *Anderson*, 477 U.S. at 248).

In reviewing a summary judgment motion, the Court must draw all justifiable inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986). The burden of demonstrating the absence of a genuine dispute of material fact initially rests with the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party bears this responsibility by identifying portions of

the record that show the absence of a genuine issue as to any material fact. *Id.* If the moving party meets its burden, the burden then shifts to the nonmoving party to establish "specific facts showing that there is a genuine issue for trial." *Id.* at 324. If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case," the moving party is then entitled to summary judgment. *Id.* at 322.

## III. Analysis

### A. Motion to Dismiss Pursuant to 12(b)(6)

***Defendant MDOC***

MDOC argues that the Court must dismiss Abcumby's claims because the Eleventh Amendment bars claims against the State of Michigan and its agencies. (ECF No. 15, PageID.60.) MDOC is correct.

The Eleventh Amendment bars civil rights actions in federal court against a state and its departments or agencies unless the state has waived its sovereign immunity or consented to be sued. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). As a state agency, MDOC is immune from suit. *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013).

In her response brief, Abcumby concedes that MDOC is entitled to Eleventh Amendment immunity. (ECF No. 18, PageID.148.)

The Court **RECOMMENDS** that MDOC's motion to dismiss be **GRANTED**.

***Defendants Washington and Brewer***

Director Washington and Warden Brewer argue that they should be dismissed as defendants because Abcumby fails to allege their requisite personal involvement in the claimed constitutional violations. (ECF No. 15, PageID.61.)

To prevail under 42 U.S.C. § 1983 and state a claim, a plaintiff must allege the personal involvement of a defendant in the unconstitutional conduct. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691–92 (1978) (stating that Section 1983 liability cannot be based upon a theory of respondeat superior or vicarious liability); *see Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *see also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984) (plaintiff must allege facts showing that defendant participated in, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). Abcumby must therefore establish that each defendant was personally involved in her allegations. *Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (citations omitted).

Abcumby says she pleaded that both Washington and Brewer were (1) involved in creating and carrying out unconstitutional policies that caused harm to Abcumby; (2) failed to take necessary steps to ensure the safety and wellbeing of Abcumby; and (3) implicitly authorized, approved or knowingly acquiesced in the

alleged unconstitutional conduct. (ECF No. 18, PageID.149-48.) Importantly, Abcumby does not allege policy 04.04.110(AA) – private strip searches – is unconstitutional.

Abcumby masks her claims against Washington and Brewer as respondeat superior claims. The only fact connecting her claim to defendants Washington and Brewer is that both are in supervisory positions which she claims triggered a duty to prevent unlawful treatment by officers. (ECF No. 1, PageID.3-5.)

Abcumby bears the burden to plead corresponding facts to support her claim against each defendant. *Agema v. City of Allegan*, 826 F.3d 326, 331 (6th Cir. 2016). In fact, Abcumby cites her burden in her brief "'a plaintiff may state a § 1983 claim by showing that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers.'" (ECF No. 18, PageID.148) (citing *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)).

Abcumby cannot sidestep this burden by merely pleading a defendant's job title and inherited responsibilities. "Defendant Heidi Washington was the Director of the Michigan Department of Corrections … Washington was responsible for the care, custody and protection of prisoners under the jurisdiction of the Michigan Department of Corrections." (ECF No. 1, PageID.3.) Similarly, Abcumby pleaded "Defendant Shawn Brewer was the Warden of Huron Valley. His responsibilities

and duties included the training[1], assignment, supervision, discipline and investigation of correctional officers and MDOC employees at Huron Valley. He was responsible for the unlawful treatment to which [Abcumby] was subjected." (ECF No. 1, PageID.5 ¶ 9.)

These facts, viewed in the light most favorable to Abcumby, are insufficient to show that defendants were personally involved in the strip search or that they implicitly authorized, approved, or knowingly acquiesced in the alleged unconstitutional conduct.

Abcumby's "conclusory" allegations "without reference to factual [ ]context" are insufficient. *Iqbal*, 556 U.S. at 665. Thus, Abcumby failed to state a claim on which relief may be granted against Washington or Brewer as they were not personally involved in any of the allegations underlying the complaint.

The Court **RECOMMENDS** that Washington and Brewer's motion to dismiss be **GRANTED**.

***Eighth Amendment Claim (Count I)***

Defendants argue Abcumby's Eighth Amendment claim is barred because she does not allege that she suffered a physical injury during the strip search as is

---

[1] Abcumby did not make a failure to train claim against Washington and Brewer. Even if the Court construed Abcumby's complaint as one for failure to train, she did not plead facts adequate to show Washington or Brewer exhibited a deliberate indifference. "Inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989).

required under the Prisoner Litigation Reform Act ("PLRA"). (ECF No. 15, PageID.67.) The PLRA provides: "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. 1997e(e).

In her complaint, Abcumby claims that due to the strip search, she experienced sexual harassment, sexual humiliation, embarrassment, psychological trauma, and fear. (ECF No. 1, PageID.7 ¶ 26.) However, as Abcumby correctly points out, her complaint did not stop with those emotional injuries; she also claims that she suffered anxiety attacks, flashbacks of sexual abuse, nightmares, night sweats, nausea, vomiting, abnormal menstrual cycles, headaches, high blood pressure, and psychological and mental distress. (*Id.*, ¶ 27.) Indeed, some of these alleged aftereffects amount to physical injuries.

In construing the complaint in the light most favorable to Abcumby and accepting her allegations as true, the Court finds that Abcumby pleaded enough facts to show physical injury.

The Court **RECOMMENDS DENYING** defendants' motion to dismiss Abcumby's Eighth Amendment claim.

**B. Summary Judgment Motion**

Defendants argue that Washington and Brewer are entitled to summary judgment because Abcumby failed to exhaust her administrative remedies against them as she did not include their names in her grievance. (ECF No. 15, PageID.72-73.)

Because the Court finds that Abcumby failed to plead corresponding facts to establish Washington and Brewer's requisite personal involvement for a § 1983 claim, the Court **RECOMMENDS DENYING AS MOOT** Washington and Brewer's summary judgment motion.

## IV. Conclusion

For the foregoing reasons, the Court **RECOMMENDS** that defendants' motion to dismiss be **GRANTED IN PART** and **DENIED IN PART**. Furthermore, the Court **RECOMMENDS** that defendants' summary judgment motion be **DENIED AS MOOT**. Specifically, the Court **RECOMMENDS** dismissing MDOC, Washington, and Brewer as defendants; and proceeding with Abcumby's three claims against Officer Frye alleging violations of the Eighth, Fourth and Fourteenth, and First Amendments.

Dated: September 7, 2022

s/ JONATHAN J.C. GREY
Jonathan J.C. Grey
United States Magistrate Judge

**Notice to the Parties About Objections**

Within 14 days of being served with a copy of this Report and Recommendation, any party may object to and seek review of the proposed findings and recommendations set forth above. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). If a party fails to timely file specific objections, any further right of appeal is waived. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Only specific objections to this Report and Recommendation are preserved for appeal; all other objections are waived. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). Each objection must be labeled as "Objection No. 1," "Objection No. 2," etc. Each objection must specify precisely the provision of this Report and Recommendation to which it pertains. In accordance with Local Rule 72.1(d), copies of objections must be served on this Magistrate Judge.

A party may respond to another party's objections within 14 days after service of any objections. Fed. R. Civ. P. 72(b)(2). Any such response should be concise and address each issue raised in the objections in the same order and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

**Certificate of Service**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 7, 2022.

s/ Sandra Osorio
Sandra Osorio
Case Manager